# EXHIBIT 3

# EXHIBIT 3

FILED
AMANDA STANFORD
CLE...

2017 JUL 11  AM 11:49

BY _____ SL _____
                    DEPUTY

**KNAPP & ROBERTS, P.C.**
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
(480) 991-7677
Craig A. Knapp, Esq. (013580) knapp@krattorneys.com
David S. Friedman, Esq. (029943) friedman@krattorneys.com
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| DEAN MICHAEL WATT, a minor, by and through his natural parents; HAYLEY HOLLAND-HONEA and ALYAN WATT, individually,<br><br>Plaintiffs,<br><br>v.<br><br>BANNER HEALTH, an Arizona corporation d/b/a BANNER CASA GRANDE MEDICAL CENTER; DANIEL ROWLAND, M.D., a Nebraska resident; SUN LIFE FAMILY HEALTH CENTER, an Arizona corporation d/b/a SUN LIFE CENTER FOR WOMEN; CHARLOTTE SONO-PETTY, R.N., an Arizona resident; JUDY QUICK, R.N., an Arizona resident; DOES I-X; CORPORATIONS 1-X; and PARTNERSHIPS I-X,<br><br>Defendants. | Case No. CV201701294<br><br>**COMPLAINT**<br>BRENDA E. OLDHAM<br><br>(Tort: Non-Motor-Vehicle; Medical Malpractice)<br><br>**DEMAND FOR TRIAL BY JURY** |

For their Complaint against Defendants, and each of them, Plaintiff Dean Michael Watt, a minor, by and through his natural parents, Plaintiffs Hayley Holland-Honea and Alyan Watt, who also assert claims on their individual behalf, allege as follows:

## General Allegations

1.      This Court has jurisdiction over this pleading's subject matter.

2.      Defendants have done and continue to do business in Arizona, have committed tortious acts, in whole or in part, in Arizona, have continuous and systematic contacts with Arizona, and are thus amenable to jurisdiction by an Arizona court. Accordingly, this Court has personal jurisdiction over all Defendants under substantive Arizona and federal law, and under the Arizona Rules of Civil Procedure.

3.      Venue is proper in Maricopa County.

4.      The minimum jurisdictional amount is established for filing this action in Arizona Superior Court.

## Plaintiffs

5.      Plaintiff Dean Michael Watt, a minor, was born on July 12, 2015.

6.      Plaintiff Dean Michael Watt brings his claims for relief by and through his natural parents, Plaintiffs Hayley Holland-Honea and Alyan Watt.

7.      At all times material to this action, Plaintiffs Hayley Holland-Honea and Alyan Watt have resided, and continue to reside, in Pinal County.

8.      In addition to the claims they assert on behalf of their minor son, Plaintiffs Hayley Holland-Honea and Alyan Watt assert claims on their own respective behalves, individually, as mother and father of Plaintiff Dean Michael Watt.

## Defendant Banner Health
### ("Banner")

9.      At all times material to this action, Defendant Banner Health ["Banner"] was an Arizona corporation authorized to conduct business, and regularly conducting business, in Pinal County, Arizona doing business as Banner Casa Grande Medical Center.

10.     At all times material tot his action, Defendant Banner was a "healthcare provider" as that term is used within the Arizona Medical Malpractice Act, A.R.S. §§ 12-561 to 12-573, authorized to engage in the business of providing healthcare and medical services to members of the public, including to its patients, Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

11.     At all times material to this action, a hospital/patient and healthcare-provider/patient relationship existed between Plaintiffs Dean Michael Watt and Hayley Holland-Honea, and Defendant Banner.

12.     At all times material to this action, Defendant Banner owned and operated, or participated in owning and operating, a hospital and retained, employed, and allowed the services of doctors, nurses, technicians, and other healthcare professionals, including, but not limited to, Defendants Daniel Rowland, M.D., Charlotte Sono-Petty, R.N., Judy Quick, R.N., and the other labor, delivery, and newborn healthcare professionals who provided care to and for Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

13.     At all times material to this action, Defendant Banner acted directly and through its actual, apparent, inherent, and/or ostensible agents or employees, including, but not limited to, Defendants Daniel Rowland, M.D., Charlotte Sono-Petty, R.N., Judy Quick, R.N., and the various medical, labor, delivery, nursing and other healthcare professionals who provided care to Plaintiff Dean Michael Watt at Defendant Banner.

14.     Defendant Banner held those doctors, nurses, technicians, and other healthcare professionals out to the public as being competent in the care of pregnant women and newborn children.

15.     Both directly, through hospital corporate liability or negligent hiring/training practices, and vicariously, through principles of respondeat superior, ostensible agency, apparent agency, nondelegable duty, joint venture, Defendant Banner is liable and responsible for the acts and omissions of the doctors, nurses, technicians, and other hospital and healthcare personnel who provided hospital, medical, and healthcare services to and for Plaintiffs Dean Michael Watt and Hayley Holland-Honea at Defendant Banner's hospital facilities.

### Defendant Daniel Rowland, M.D.
#### ("Dr. Rowland")

16.     At all times material to this action, Defendant Daniel Rowland, M.D. ["Dr. Rowland"] was an Arizona resident and a physician duly licensed by the State of Arizona.

17.     At all times material to this action, Defendant Dr. Rowland was a healthcare provider regularly conducting business and engaging in the practice of obstetrical and gynecological medicine in Pinal County, Arizona including, but not limited to, at Defendant Banner.

18.     At all times material to this action, Defendant Dr. Rowland was a "healthcare provider" as that term is used within the Arizona Medical Malpractice Act, A.R.S. §§ 12-561 to 12-573, and authorized to engage in the business of providing healthcare and medical services to members of the public, including to his patients, Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

19.     At all times material to this action, a doctor-patient and healthcare-provider/patient relationship existed between Defendant Dr. Rowland and Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

20.     At all times material to this action, Defendant Dr. Rowland acted individually, on behalf of his medical practice, namely, Defendant Sun Life Family Health Center, an Arizona corporation doing business as Sun Life Center for Women.

21.     At all times material to this action, Defendant Dr. Rowland acted individually, and as an actual, apparent, inherent, and ostensible agent of Defendant Banner.

### Defendant Sun Life Family Health Center
#### ("Sun Life")

22.     Upon information and belief, at all times material to this action, Defendant Sun Life Family Health Center ["Sun Life"] was an Arizona corporation authorized to conduct business, and regularly conducting business, in Pinal County, Arizona under the trade name of Sun Life Center for Women.

23.     At all times material to this action, Defendant Sun Life was a "healthcare provider(s)" as that term is used within the Arizona Medical Malpractice Act, A.R.S. §§ 12-561 to 12-573, authorized to engage in the business of providing healthcare and medical services to members of the public, including to Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

4

24.     At all times material to this action, a doctor-patient or healthcare provider-patient relationship existed between Defendant Sun Life and Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

25.     At all times material to this action, Defendant Sun Life acted directly and through its actual, apparent, inherent, and/or ostensible agents, principals, servants and/or employees, including, but not limited to Defendant Dr. Rowland, who acted within the scope of their agency and/or employment.

26.     Defendant Sun Life held those doctors, nurses, technicians, and other healthcare professionals out to the public as being competent in the care of pregnant women and newborn children.

27.     Both directly, through negligent hiring/training practices, and vicariously, through principles of respondeat superior, ostensible agency, apparent agency, nondelegable duty, joint venture, Defendant Sun Life is liable and responsible for the acts and omissions of the healthcare personnel and professionals who provided healthcare services to and for Plaintiffs Dean Michael Watt and Hayley Holland-Honea at Defendant Banner's hospital facilities.

### Defendants Charlotte Sono-Petty, R.N. and Judy Quick, R.N.
#### ("Hospital Nurses")

28.     At all times material to this action, Defendants Charlotte Sono-Petty, R.N. and Judy Quick, R.N. ["Hospital Nurses"] were Arizona residents and licensed nurses providing medical, nursing, or healthcare services on behalf of Defendant Banner for Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

29.     At all times material to this action, the Defendant Hospital Nurses were authorized to engage in, and were engaged in, the business of providing medical, nursing, or healthcare services to the public, including to Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

30.     Each of the Defendant Hospital Nurses was a "nursing," "medical," or "healthcare provider," as those terms are used in the Arizona Medical Malpractice Act, A.R.S. §§ 12-561, *et seq.*

31.     At all times material to this action, a healthcare provider/patient relationship existed between the Defendant Hospital Nurses and Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

### Doe Defendants

32.     Defendants DOES I-X are citizens or residents of the State of Arizona.

33.     Defendants PARTNERSHIPS I-X and CORPORATIONS I-X are authorized to conduct business and are conducting business within the State of Arizona.

34.     Defendants DOES I-X, PARTNERSHIPS I-X, and CORPORATIONS I-X are individuals, corporations, partnerships, and/or business entities that caused the events asserted herein to occur within the State of Arizona.  Plaintiffs do not yet know the true identities of these Defendants and therefore name them in this pleading fictitiously. Plaintiffs will amend their pleading accordingly if and when the names of these Defendants and their respective roles in this matter become known.

### COUNT I
### (Medical Negligence/Malpractice)

35.     Plaintiffs incorporate by reference, and thereby re-allege, the foregoing allegations and paragraphs of this pleading as though fully set forth herein.

36.     This is a medical malpractice case arising from the negligent labor, delivery, and birth concerning Plaintiffs Hayley Holland-Honea and Plaintiff Dean Michael Watt.

37.     This claim for relief is brought under the provisions of the Arizona Medical Malpractice Act, A.R.S. §§ 12-561, *et seq.*

38.     Defendants, and each of them, provided healthcare services to Plaintiffs Dean Michael Watt and Hayley Holland-Honea.

39.     Plaintiffs Dean Michael Watt and Hayley Holland-Honea explicitly or implicitly agreed with Defendants that Plaintiffs would submit to Defendants' medical, nursing, or healthcare services.

6

40.     Likewise, Defendants explicitly or implicitly agreed to examine, diagnose, and treat Plaintiffs Dean Michael Watt and Hayley Holland-Honea with the care, skill, and diligence consistent with their positions as healthcare providers.

41.     Plaintiff Dean Michael Watt was born on July 12, 2015, at which time Plaintiff Hayley Holland-Honea was 18 years of age, standing 4'11 tall.

42.     During her pregnancy, Plaintiff Hayley Holland-Honea was under the care of Defendants Dr. Rowland and Sun Life for obstetrician and antepartum services.

43.     Prior to Plaintiff Dean Michael Watt's birth, upon information and belief, Defendants had not documented Plaintiff Hayley Holland-Honea's pregnancy as high-risk or as otherwise complicated.

44.     On July 8, 2015, Defendant Dr. Rowland documented his scheduling of Plaintiff Hayley Holland-Honea for an elective labor induction to take place on July 11, 2015.

45.     Upon information and belief, there was no medical indication or need for Plaintiff Hayley Holland-Honea to undergo this elective labor induction.

46.     As of July 11, 2015, Plaintiff Hayley Holland-Honea was at 39 weeks and one day gestation.

47.     On July 11, 2015, Plaintiff Hayley Holland-Honea was admitted to Defendant Banner for the elective labor induction ordered by Defendant Dr. Rowland.

48.     At 10:03 a.m. on July 11, 2015, Defendant Dr. Rowland ordered the induction to be performed with Cytotec, 25 mcg. every four hours.

49.     Upon information and belief, a Bishop's score was not taken prior to the administration of Cytotec, a strong inducifacient agent.

50.     Upon information and belief, prior to the administration of Cytotec, Plaintiff Dean Michael Watt's fetal weight was not estimated, his cephalic fetal position was not verified, and pelvic adequacy was not evaluated for relatively small, 4'11 Plaintiff Hayley Holland-Honea.

51.     Upon information and belief, Defendant Judy Quick, R.N. administered the only recorded dose of Cytotec at 10:38 a.m. on July 11, 2015. If accurate, this would have been in contradiction to Defendant Dr. Rowland's Order of 10:03 a.m. on July 11, 2015.

52.     At or about 2:53 p.m. on July 11, 2015, Plaintiff Hayley Holland-Honea's membranes ruptured.

53.     At or about 5:45 p.m. on July 11, 2015, Defendant Judy Quick, R.N. noted variable Fetal Heart Rate Decelerations dropping to 60 beats per minute lasting for 30 seconds.

54.     At or about 6:15 p.m. on July 11, 2015, Defendant Judy Quick, R.N. noted variable Fetal Heart Rate Decelerations dropping to 20 beats per minute lasting for 20 seconds.

55.     Variable Fetal Heart Rate Decelerations continued to be noted in Defendant Banner's medical records over approximately the next eight hours of labor.

56.     Defendant Banner's medical records indicate that Plaintiff Dean Michael Watt was exhibiting signs of fetal labor intolerance.

57.     Nonetheless, upon information and belief, neither Defendant Hospital Nurses nor Defendant Dr. Rowland took available or appropriate action in response to these decelerations, such as resuscitation measures to improve fetal oxygenation.

58.     At 7:00 p.m. on July 11, 2015, "Tachysystole" is noted, e.g., that Plaintiff Hayley Holland-Honea was experiencing six uterine contractions every 10 minutes, thereby not permitting enough time between contractions for the fetus to adequately recover.

59.     Nonetheless, upon information and belief, neither Defendant Hospital Nurses nor Defendant Dr. Rowland took available or appropriate action to reduce the frequency of the uterine contractions or to improve blood delivery to the fetus.

60.     Likewise, Defendant Dr. Rowland's note of 8:06 p.m. on July 11, 2015 mentions nothing concerning variable or late decelerations, indeterminate Category II tracings, Tachysystole, or uterine hypestimulation. Instead, Defendant Dr. Rowland's note at this time indicates a "Reassuring fetal heart rate."

61.     In what, upon information and belief, is the only documented written order concerning Pitocin, entered by Defendant Dr. Rowland at 9:57 a.m. on July 11, 2015, the doctor indicates that it is only to be administered "AFTER DELIVERY OF PLACENTA. To control uterine bleeding. 2 doses max." [Emphasis in original].

62.     Although Defendant Banner's medical records indicate that the placenta was not

delivered until 12:35 a.m. on July 12, 2015, and despite the fact that the fetus exhibited signs of labor intolerance, including but not limited to late and variable decelerations, Defendant Charlotte Sono-Petty, R.N. nonetheless administered Pitocin to Plaintiff Hayley Holland-Honea prior to placental delivery, e.g., at 8:21 p.m. on July 11, 2015.

63.     By 10:30 p.m. on July 11, 2015, while Plaintiff Hayley Holland-Honea had already been noted to be fully dilated, Defendant Charlotte Sono-Petty, R.N. documents that Plaintiff Dean Michael Watt was tachycardic with a heart rate in the 170s, with variable Fetal Heart Rate Decelerations down to 90 beats per minute.

64.     Upon information and belief, neither Defendant Hospital Nurses nor Defendant Dr. Rowland took available or appropriate action to address these variable decelerations.

65.     Rather, Defendants apparently permitted Plaintiff Hayley Holland-Honea to continue pushing for approximately the next two hours.

66.     A Caesarian section was not performed.

67.     Defendant Banner's medical records indicate that Plaintiff Dean Michael Watt was delivered at 12:27 a.m. on July 12, 2015, after enduring a shoulder dystocia.

68.     During this labor or delivery process, Plaintiff Dean Michael Watt sustained injuries including, but not limited to, a left parietal skull fracture, prominent posterior cephalohematoma, intracranial hematoma with intracranial hemmohage, a massive subgaleal hemorrhage, cerebral edema, periorbital edema, respiratory distress requiring oxygen, and significant right arm and back bruising.

69.     In the one, five, and ten-minute intervals post-birth, Defendant Banner's medical records indicate that Plaintiff Dean Michael Watt exhibited Apgar scores of two, four, and seven, respectively.

70.     Plaintiff Dean Michael Watt was transferred and admitted to Banner Desert Medical Center at 4:00 p.m. on July 12, 2015, where he underwent a course consistent with "birth depression, subgaleal and intracranial hemorrhages, seizures, [disseminated intravascular coagulopathy], renal failure, hypoxic liver injury."

71.     Defendants negligently failed to provide full, systematic, competent, and proper

9

monitoring of the progress of Plaintiff Hayley Holland-Honea's labor.

72.     Defendants then negligently and traumatically executed the delivery of Plaintiff Dean Michael Watt, causing him to suffer acute skull and brain injuries.

73.     As a result of these severe and permanent injuries, Plaintiff Dean Michael Watt will continue to suffer lifelong physical, emotional, and developmental disabilities.

74.     Defendants, and each of them, owed a non-delegable duty to Plaintiffs Dean Michael Watt and Hayley Holland-Honea to exercise that degree of reasonable care and skill exercised by like healthcare professionals, hospitals, physicians, or nurses of good standing providing obstetrical, perinatal, or newborn care under the same or similar circumstances.

75.     Defendants, and each of them, acting directly and/or through their actual, apparent, inherent, or ostensible agents, servants, principals, and/or employees, were negligent and deviated from the generally accepted standards of medical and hospital care.

76.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, inducing labor in Plaintiff Hayley Holland-Honea without taking adequate preventative measures to ensure her fetus' safety.

77.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, failing to communicate adequately with Defendant Hospital Nurses.

78.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, allowing Pitocin to be administered in a manner directly contrary to his Order.

79.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, allowing Pitocin to be administered when the fetus had already exhibited hours of Category II tracings with ongoing variable decelerations, late decelerations, and tachysystole.

80.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, failing to take appropriate measures in preparation for or in response to signs of fetal labor intolerance.

81.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, allowing Plaintiff Hayley Holland-Honea to push for hours while the fetus was exhibiting signs of labor intolerance.

82.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, failing to perform a Caesarian section in consideration of the circumstances, such as Plaintiff Hayley Holland-Honea's prolonged labor and signs of fetal labor intolerance.

83.     Defendant Dr. Rowland's acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, performing the acutely traumatic delivery of Plaintiff Dean Michael Watt that caused him to sustain injuries as severe as a skull fracture with intracranial hemorrhages.

84.     Defendant Hospital Nurses' acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, failing to communicate adequately with Defendant Dr. Rowland.

85.     Defendant Hospital Nurses' acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, administering Pitocin in a manner directly contrary to Dr. Rowland's Order.

86.     Defendant Hospital Nurses' acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, administering Pitocin when the fetus had already exhibited hours of Category II tracings with ongoing variable decelerations, late decelerations, and tachysystole.

87.     Defendant Hospital Nurses' acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, failing to take appropriate measures in response to signs of fetal labor intolerance.

88.     Defendant Hospital Nurses' acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, allowing Plaintiff Hayley Holland-Honea to push for hours while the fetus was exhibiting signs of labor intolerance.

89. Defendant Hospital Nurses' acts, errors, or omissions falling below the applicable standard of care include, but are not limited to, the extent to which they negligently caused or contributed to the acutely traumatic delivery of Plaintiff Dean Michael Watt that caused him to sustain injuries as severe as a skull fracture with intracranial hemorrhages.

90. Defendants' negligence directly and proximately caused, or contributed to causing, the harms, damages, and injuries that Plaintiffs suffered.

91. Plaintiff Dean Michael Watt, by and through his natural parents, Plaintiffs Hayley Holland-Honea and Alyan Watt, seeks to recover reasonable damages for the permanent injuries he has sustained due to Defendants' negligence.

92. As a direct and proximate result of the Defendants' negligence, Plaintiff Dean Michael Watt has suffered, and will continue to suffer for the remainder of his natural life, pain, distress, discomfort, disfigurement, impairment, disability, anxiety, and inconvenience.

93. As a direct and proximate result of the Defendants' negligence, Plaintiff Dean Michael Watt sustained, and will continue to sustain for the remainder of his natural life, a loss of enjoyment of life.

94. As a direct and proximate result of the Defendants' negligence, Plaintiff Dean Michael Watt will sustain a loss of earning capacity.

95. As a direct and proximate result of the Defendants' negligence Plaintiff Dean Michael Watt has undergone, and will continue to undergo for an indefinite period of time, reasonable and necessary medical treatment, rehabilitative care, special-needs attention and care, vocational education, and/or other treatment and therapy, in a total amount that will be proven at trial.

96. As a direct and proximate result of the Defendants' negligence, Plaintiffs, and each of them, have incurred expenses, and will continue to incur expenses for an indefinite period of time, for reasonable and necessary medical treatment, rehabilitative care, special-needs attention and care, vocational education, and/or other treatment and therapy, in a total amount that will be proven at trial.

97.     As a direct and proximate result of the Defendants' negligence, Plaintiffs, and each of them, have incurred expenses, and will continue to incur expenses for an indefinite period of time, for special adaptive living necessities, including but not limited to transportation and in the home.

98.     As a direct and proximate result of the Defendants' negligence, Plaintiffs Hayley Holland-Honea and Alyan Watt have suffered, and will continue to suffer for the remainder of their or their son's natural life, a loss of parental consortium, including but not limited to a loss of affection, companionship, and love.

**WHEREFORE**, Plaintiffs seek judgment against Defendants, and each of them, as follows:

1.      For reasonable actual, general, and compensatory damages, in an amount to be determined at trial;

2.      For reasonable special damages in an amount to be determined at trial;

3.      For costs of suit incurred herein and accruing; and

4.      For such other and further relief as the Court deems just and proper.

### Jury Demand

Plaintiffs demand a trial by jury on all claims so triable in this action.

**DATED** this 11th day of July, 2017.

**KNAPP & ROBERTS, P.C.**

Craig A. Knapp
David S. Friedman
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
*Attorneys for Plaintiffs*

13

**In the Superior Court of the State of Arizona**
**In and For the County of** Pinal

Case Number CV2017O1294

## CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

Plaintiff's Attorney Craig A. Knapp, Esq.

Attorney Bar Number 013580

Plaintiff's Name(s): (List all)
Dean Michael Watt, a minor, by and

through his natural parents, Hayley

Holland-Honea and Alyan Watt, Individually.

BRENDA E. OLDHAM

Plaintiff's Address:

c/o Craig A. Knapp, Esq.

Knapp & Roberts

8777 N. Gainey Ctr Dr., Ste 165, Scottsdale, AZ 85258

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All) Banner Health, dba Banner Casa Grande Medical Center ; Daniel Rowland, M.D.;
Sun Life Family Health Center dba Sun Life Center for Women; Charlotte Sono-Petty, R.N.; Judy Quick, R.N.;

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC
☐ Election Challenge    ☐ Employer Sanction    ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.
(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria**. See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "eligible for commercial court" must appear in the caption of the original complaint.

## NATURE OF ACTION
(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**TORT MOTOR VEHICLE:**
☐ Non-Death/Personal Injury
☐ Property Damage
☐ Wrongful Death
**TORT NON-MOTOR VEHICLE:**
☐ Negligence
☐ Product Liability – Asbestos
☐ Product Liability – Tobacco
☐ Product Liability – Toxic/Other
☐ Intentional Tort

☐ Property Damage
☐ Legal Malpractice
☐ Malpractice – Other professional
☐ Premises Liability
☐ Slander/Libel/Defamation
☐ Other (Specify) _____
**MEDICAL MALPRACTICE:**
☐ Physician M.D.    ☒ Hospital
☐ Physician D.O.    ☐ Other

November 28, 2016                    Page 1

SG

**CONTRACTS:**
- ☐ Account (Open or Stated)
- ☐ Promissory Note
- ☐ Foreclosure
- ☐ Buyer-Plaintiff
- ☐ Fraud
- ☐ Other Contract (i.e. Breach of Contract)
- ☐ Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ Six to Nineteen Structures
  - ☐ Twenty or More Structures

**OTHER CIVIL CASE TYPES:**
- ☐ Eminent Domain/Condemnation
- ☐ Eviction Actions (Forcible and Special Detainers)
- ☐ Change of Name
- ☐ Transcript of Judgment
- ☐ Foreign Judgment
- ☐ Quiet Title
- ☐ Forfeiture
- ☐ Election Challenge
- ☐ NCC- Employer Sanction Action (A.R.S. §23-212)
- ☐ Injunction against Workplace Harassment
- ☐ Injunction against Harassment
- ☐ Civil Penalty
- ☐ Water Rights (Not General Stream Adjudication)
- ☐ Real Property
- ☐ Sexually Violent Person (A.R.S. §36-3704)
  (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)
- ☐ Immigration Enforcement Challenge (§§1-501, 1-502, 11-1051)

**UNCLASSIFIED CIVIL:**
- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ Declaratory Judgment
- ☐ Habeas Corpus
- ☐ Landlord Tenant Dispute- Other
- ☐ Restoration of Civil Rights (Federal)
- ☐ Clearance of Records (A.R.S. §13-4051)
- ☐ Declaration of Factual Innocence (A.R.S. §12-771)
- ☐ Declaration of Factual Improper Party Status
- ☐ Vulnerable Adult (A.R.S. §46-451)
- ☐ Tribal Judgment
- ☐ Structured Settlement (A.R.S. §12-2901)
- ☐ Attorney Conservatorships (State Bar)
- ☐ Unauthorized Practice of Law (State Bar)
- ☐ Out-of-State Deposition for Foreign Jurisdiction
- ☐ Secure Attendance of Prisoner
- ☐ Assurance of Discontinuance
- ☐ In-State Deposition for Foreign Jurisdiction
- ☐ Eminent Domain– Light Rail Only
- ☐ Interpleader– Automobile Only
- ☐ Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ Employment Dispute- Discrimination
- ☐ Employment Dispute-Other
- ☐ Other (Specify) _____

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

November 28, 2016                              Page 2

1
2
3
4
5

**KNAPP & ROBERTS, P.C.**
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
(480) 991-7677
Craig A. Knapp, Esq. (013580) knapp@krattorneys.com
David S. Friedman, Esq. (029943) friedman@krattorneys.com
*Attorneys for Plaintiffs*

FILED
CLERK, SANFORD

2017 JUL 11  AM 11: 49

BY_____ SL
DEPUTY

6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

## IN AND FOR THE COUNTY OF PINAL

8
9
10
11

DEAN MICHAEL WATT, a minor, by and
through his natural parents; HAYLEY
HOLLAND-HONEA and ALYAN WATT,
individually,

12
13
14

Plaintiffs,

v.

15
16
17
18
19
20
21
22
23

BANNER HEALTH, an Arizona
corporation d/b/a BANNER CASA
GRANDE MEDICAL CENTER; DANIEL
ROWLAND, M.D., a Nebraska resident;
SUN LIFE FAMILY HEALTH CENTER,
an Arizona corporation d/b/a SUN LIFE
CENTER FOR WOMEN; CHARLOTTE
SONO-PETTY, R.N., an Arizona resident;
JUDY QUICK, R.N., an Arizona resident;
DOES I-X; CORPORATIONS 1-X; and
PARTNERSHIPS I-X,

Defendants.

Case No. CV2017 01294

**BRENDA E. OLDHAM**

**CERTIFICATE OF COMPULSORY
ARBITRATION**

24
25
26
27
28

Pursuant to Rule 72(e), *Arizona Rules of Civil Procedure*, the undersigned certifies that he

or she knows the dollar limits and any other limitations set forth by the local rules of practice for

the applicable superior court, and further certifies that this case **IS NOT** subject to compulsory

SG

arbitration, as provided by Rules 72 to 77 of the *Arizona Rules of Civil Procedure*.

**DATED** this 10th day of July, 2017.

KNAPP & ROBERTS, P.C.

Craig A. Knapp
David S. Friedman
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
*Attorneys for Plaintiffs*

2

FILED
AMANDA STANFORD
CLERK - SUPERIOR COURT

JUL *11* 2017

Time: _____ *11:49AM* _____
By: _____ *SL* _____

# SUPERIOR COURT OF ARIZONA
# PINAL COUNTY

DEAN MICHAEL WATT
**Plaintiff(s)**

CASE NUMBER: CV *2017 01294*

**NOTICE OF IMPENDING DISMISSAL FOR
FAILURE TO SERVE**

BANNER HEALTH
**Defendant(s)**

C

CAL

**HONORABLE:** BRENDA E. OLDHAM

### NOTICE AND WARNING:

Pursuant to Rule 4(i), Arizona Rules of Civil Procedure, the Court shall dismiss the action without prejudice unless service is made upon a defendant within 90 days after the filing of the complaint.

This is notice that your case will be dismissed without further notice after **January** *12* **2018** at *9:00* ☒ am ☐ pm if you do not take at least one of the steps listed below.

A.   **SERVE THE OTHER PARTY WITH THE COURT PAPERS AND FILE THE PROOF OF SERVICE**.  If you have served the other party, you must file proof of service with the Clerk of the Court immediately.

B.   **MOTION AND ORDER TO CONTINUE ON THE INACTIVE CALENDAR:**  You may file a motion requesting additional time to complete the service of the court papers before the court automatically dismisses your case.  The order granting the continuance must be SIGNED by the judge BEFORE the dismissal date indicated above.

C.   **VOLUNTARY DISMISSAL OF YOUR CASE.**  You may dismiss your case instead of waiting for the Court Order of Dismissal.

**You may obtain appropriate documents and instructions from the Pinal County Clerk of the Superior Court website: http://coscpinalcountyaz.gov**

**WARNING:** Failure to comply with this notice may result in THE COURT DISMISSING YOUR CASE without prejudice.

*If you have legal questions, consult an attorney who practices in this area of the law and has the expertise you need.*

SG

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

2017 JUL 19  PM 12: 42

BY_____
DEPUTY

1  **KNAPP & ROBERTS, P.C.**
   8777 North Gainey Center Drive, Suite 165
2  Scottsdale, Arizona 85258
3  (480) 991-7677
   Craig A. Knapp, Esq. (013580) knapp@krattorneys.com
4  David S. Friedman, Esq. (029943) friedman@krattorneys.com
5  *Attorneys for Plaintiffs*

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF PINAL**

8

9  DEAN MICHAEL WATT, a minor, by and        Case No. CV201701744
   through his natural parents; HAYLEY
10 HOLLAND-HONEA and ALYAN WATT,
11 individually,

12            Plaintiffs,

13       v.                                   **CERTIFICATION OF
                                              EXPERT TESTIMONY
14                                            PURSUANT TO A.R.S. § 12-2603**

15 BANNER HEALTH, an Arizona
   corporation d/b/a BANNER CASA
16 GRANDE MEDICAL CENTER; DANIEL           **BRENDA E. OLDHAM**
   ROWLAND, M.D., a Nebraska resident;
17 SUN LIFE FAMILY HEALTH CENTER,
18 an Arizona corporation d/b/a SUN LIFE
   CENTER FOR WOMEN; CHARLOTTE
19 SONO-PETTY, R.N., an Arizona resident;
20 JUDY QUICK, R.N., an Arizona resident;
   DOES I-X; CORPORATIONS 1-X; and
21 PARTNERSHIPS I-X,

22
            Defendants.
23

24

25       The undersigned certifies, pursuant to A.R.S. § 12-2603, that expert opinion testimony is
26
27 necessary to prove the licensed professionals' standard of care or liability for the claims asserted
28 in the Complaint, filed concurrently with this Certification of Expert Testimony.

RCP

**DATED** this 10th day of July, 2017.

KNAPP & ROBERTS, P.C.

Craig A. Knapp
David S. Friedman
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
*Attorneys for Plaintiffs*

2

## AFFIDAVIT OF SERVICE

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT
2017 SEP 28  AM 10: 33
MM
BY _____ DEPUTY

| Case: CV201701294 | Court: Superior Court, State of Arizona | County: Pinal, AZ | Job: 1672658 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Dean Michael Watt, Hayley Holland-Honea and Alyan Watt | | **Defendant / Respondent:** Daniel Rowland, M.D. | |
| **Received by:** Advanced Process Service | | **For:** Knapp & Roberts | |
| **To be served upon:** Daniel Rowland, M.D. | | | |

I, Alan Gustafson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| Recipient Name / Address: | Daniel Rowland, M.D., Company: 4021 B Ave, Scottsbluff, NE 69361 |
| Manner of Service: | Personal/Individual, Sep 18, 2017, 3:01 pm MDT |
| Documents: | Complaint, Certificate of Expert Testimony, Certificate of Compulsory Arbitration and Summons (Received Sep 15, 2017 at 1:14pm MDT) |

**Additional Comments:**
1) Successful Attempt: Sep 18, 2017, 3:01 pm MDT at Company: 4021 B Ave, Scottsbluff, NE 69361 received by Daniel Rowland, M.D.. Age: 45; Ethnicity: Caucasian; Gender: Male; Weight: 150; Height: 5'6"; Hair: Blond; Eyes: Brown;
Personal service to Dr. Rowland at his place of employment of The Womens Center.

**Fees:**   $45.00

Alan Gustafson     9-19-17
Alan Gustafson          Date

Advanced Process Service
PO Box 1616
Scottsbluff, NE 69363
3086418116

GENERAL NOTARY - State of Nebraska
JOAN M LASHLEY
My Comm. Exp. April 24, 2018

Subscribed and sworn to before me by the affiant who is personally known to me.

Joan M Lashley
Notary Public

9-19-2017          4-24-2018
Date          Commission Expires

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF ~~MARICOPA~~ PINAL

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

2017 SEP 28   AM 10: 33
MM

BY_____
DEPUTY

DEAN MICHAEL WATT,

                 Plaintiff _____,

         vs.

BANNER HEALTH, et al.,

              Defendant ____.

No. CV 2017-01294

**AFFIDAVIT OF SERVICE OF
PROCESS BY PRIVATE PERSON**

STATE OF ARIZONA      )
COUNTY OF MARICOPA  )   ss.

           **Ray E. Currie**, being sworn, states: That he is fully qualified to serve process in this cause, having been so appointed by the Court; that he received the _____
Summons & Complaint & Cert of Comp ARb., Expert Testimony
_____
_____
_____
_____
_____

in this action from Craig Knapp #013580 _____, Attorney. That he personally served the same on those names below, in the manner and at the time and place shown:

**SERVED:**     BANNER HEALTH dba BANNER CASA GRANDE MEDICAL CENTER, by service upon Statutory Agent, DAVID M. BIXBY, ACCEPTED BY GAIL HYDE, duly authorized to accept at her usual place of business at 2901 N. Central Ave., Phoenix, Arizona 85012, at 1:46 P.M. on September 18, 2017.

                                _____
                                Ray E. Currie

Subscribed and sworn to before me on this 22 day of September , 20 17.

| | | |
|---|---|---|
| Service: | $ | |
| Miles: | $ | |
| Additional Mileage: | $ | |
| Witness Fees: | $ | |
| Notary: | $ | |
| TOTAL: | $ | 50.00 |

TERRI L HAILEY
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
September 13, 2018

My commission expires

Ray E. Currie Investigations
P.O. Box 33131, Phoenix, Az. 85067
(602) 573-6135

Conformed Copy Furnished

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT
XXXXXXXXXX  PINAL

2017 SEP 28  AM 10: 32

BY_____
DEPUTY

DEAN MICHAEL WATT,

                    Plaintiff _____,

          vs.

BANNER HEALTH, et al.,

                    Defendant ____.

No. CV 2017-01294

**AFFIDAVIT OF SERVICE OF
PROCESS BY PRIVATE PERSON**

STATE OF ARIZONA          )
COUNTY OF MARICOPA     )   ss.

**Ray E. Currie**, being sworn, states: That he is fully qualified to serve process in this cause, having been so appointed by the Court; that he received the _____
Summons & Complaint & Cert of Comp ARb. & Expert Testimony

in this action from  Craig Knapp #013580 _____, Attorney. That he personally served the same on those names below, in the manner and at the time and place shown:
**SERVED:**  JUDY QUICK, R.N., in person, at her usual place of business at Banner Casa GRande Medical Center, 1800 E. Florence Blvd. Casa GRande, Arizona 85122, at 12:30 P.M. on September 21, 2017.

_____
Ray E. Currie

Subscribed and sworn to before me on this  22 day of September ____, 20 12 .

| | | |
|---|---|---|
| Service: | $ | 30.00 |
| Miles:    58 | $ | 145.00 |
| Additional Mileage: | $ | |
| Witness Fees: | $ | |
| Notary:  & Aff. | $ | 10.00 |
| TOTAL: | $ | 185.00 |

_____ Public

My commission expires _____

NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
_____ 2018

Ray E. Currie Investigations
P.O. Box 33131, Phoenix, Az. 85067
(602)  573-6135

Conformed C _____

SC

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT
2017 SEP 28 AM 10: 32
WW
BY _____ DEPUTY

DEAN MICHAEL WATT,

              Plaintiff _____,

        vs.

BANNER HEALTH, et al.,

              Defendant ____.

No. Cv 2017-01294

**AFFIDAVIT OF SERVICE OF PROCESS BY PRIVATE PERSON**

STATE OF ARIZONA    )
COUNTY OF MARICOPA  )  ss.

      **Ray E. Currie**, being sworn, states: That he is fully qualified to serve process in this cause, having been so appointed by the Court; that he received the
Summons & Complaint & Expert Testimony & Cert of Comp ARb.

in this action from <u>Craig Knapp #013580</u>, Attorney. That he personally served the same on those names below, in the manner and at the time and place shown:

**SERVED:**    SUN LIFE FAMILY HEALTH CENTER dba SUN LIFE CENTER FOR WOMEN, by service upon Statutory Agent, STEPHEN R. COOPER, in person, at his usual place of business at 221 N. Florence St. Casa Grande, Arizona 85122, at 11:12 A.M. on September 21, 2017.

                                           Ray E. Currie

Subscribed and sworn to before me on this <u>22</u> day of <u>September</u>, 20 <u>17</u>.

| | | |
|---|---|---|
| Service: | $ | |
| Miles: | $ | |
| Additional Mileage: | $ | |
| Witness Fees: | $ | |
| Notary: | $ | |
| TOTAL: | $ | 50.00 |

Notary Public
TERRY HAILEY
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
September 13, 2018

My commission expires _____

Ray E. Currie Investigations
P.O. Box 33131, Phoenix, Az. 85067
(602) 573-6135

Conformed Copy Furnished



# OFFICE OF THE CLERK OF THE SUPERIOR COURT
# AMANDA STANFORD

CLERK OF THE SUPERIOR COURT, PINAL COUNTY
JURY COMMISSIONER/PROBATE REGISTRAR

PO BOX 2730
FLORENCE, ARIZONA 85132

TELEPHONE: 520-866-5300
FAX: 520-866-5320

Oct 6, 2017

To SLATTERY PETERSEN PLLC

Address
5981 E GRANT ROAD SUITE 101
TUCSON, AZ 85712

Case CV201701294

The Clerk of the Court is returning the following document(s):

DEFENDANTS BANNER HEALTH DBA BANNER CASA GRANDE MEDICAL CENTER, CHARLOTTE
SONO-PETTY, RN, AND JUDY QUICK, RN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL.

Also enclosed is your ☒ **Check** or ☐ **Money Order** Number 4466 _____ in the amount of $224.00 _____.

Received by our office on: _____ OCTOBER 6 _____, 2017.

For the following reason(s):

☐   $____ filing fee is due for the pleadings attached. If the filing fee is a hardship, you may print the deferral instructions and application at www.coscpinalcountyaz.gov/forms.html and submit the deferral as per instructions to the Clerk of the Court along with the Original pleadings.

☐   The Clerk has researched the attached document(s) and the case number and/or party name(s) do not match any of those in our system.

☒   No originals provided. The Clerk must be in receipt of the **Original** document(s) for filing. The above mentioned document(s):

      ☒ Do not have an original signature

      ☐ Need to be notarized

      ☐ Other: _____

☐   The document(s) you have submitted do not comply with 16 A.R.S. Rules of Civil Procedure, Rule 5.2 (Formerly cited as AZ ST RCP Rule 10(d)) as to format:

_____
_____
_____

Revised 06.27.17



# OFFICE OF THE CLERK OF THE SUPERIOR COURT
# AMANDA STANFORD

CLERK OF THE SUPERIOR COURT, PINAL COUNTY
JURY COMMISSIONER/PROBATE REGISTRAR

PO BOX 2730                                    TELEPHONE: 520-866-5300
FLORENCE, ARIZONA 85132                               FAX: 520-866-5320

☐    Other:

_____
_____
_____
_____
_____
_____
_____

*Please note that the Clerk of the Superior Court's Office cannot give any legal advice. For additional assistance please contact an attorney or paralegal.*

AMANDA STANFORD
Clerk of the Superior Court

By: SML _____, Deputy Clerk

cc: AJACS x ___

   Return Letter File x ___

Revised 06.27.17

1  **KNAPP & ROBERTS, P.C.**
   8777 North Gainey Center Drive, Suite 165
2  Scottsdale, Arizona 85258
   (480) 991-7677
3  Craig A. Knapp, Esq. (013580) knapp@krattorneys.com
4  David S. Friedman, Esq. (029943) friedman@krattorneys.com
   *Attorneys for Plaintiffs*
5

FILED
AMANDA STANFORD
CL....

2017 OCT 19  PM 4: 18
BB

BY
DEPUTY

6              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                 **IN AND FOR THE COUNTY OF PINAL**

8

9  DEAN MICHAEL WATT, a minor, by and           Case No. CV201701294
   through his natural parents; HAYLEY
10 HOLLAND-HONEA and ALYAN WATT,
11 individually,

12              Plaintiffs,

13                                              **ACCEPTANCE OF SERVICE OF**
                  v.                                      **PROCESS**
14

15 BANNER HEALTH, an Arizona
   corporation d/b/a BANNER CASA
16 GRANDE MEDICAL CENTER; DANIEL
   ROWLAND, M.D., a Nebraska resident;
17 SUN LIFE FAMILY HEALTH CENTER,
18 an Arizona corporation d/b/a SUN LIFE
   CENTER FOR WOMEN; CHARLOTTE      (Assigned to the Hon. Brenda E. Oldham)
19 SONO-PETTY, R.N., an Arizona resident;
20 JUDY QUICK, R.N., an Arizona resident;
   DOES I-X; CORPORATIONS 1-X; and
21 PARTNERSHIPS I-X,

22              Defendants.
23

24

25      Pursuant to Rule 4(f)(2), Ariz.R.Civ.P., GinaMarie Slattery, Esq. of Slattery Petersen,
26
   PLLC. hereby acknowledges acceptance of service of the Complaint, Summons, Certificate on
27
28 Expert Testimony Pursuant to A.R.S. § 12-2603, and Certificate of Compulsory Arbitration in

SG

the above-captioned matter on behalf of Decedent Defendant Charlotte Sono-Petty, R.N.

**DATED** this 4th day of October, 2017.

SLATTERY PETERSEN, PLLC

GinaMarie Slattery, Esq.
*Attorneys for Defendants Banner Health, Charlotte Sono-Petty, R.N., and Judy Quick, R.N.*

**ORIGINAL** of the foregoing
mailed for filing with the Court
this 4th day of October, 2017, to:

Clerk of Court
Pinal County Superior Court
971 N. Jason Lopez Circle, Bldg. A
Florence, Arizona 85232

By:

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

17 OCT 23  PM 12: 10

BY _____
       DEPUTY

1   GinaMarie Slattery (#012867)
    SLATTERY PETERSEN PLLC
2   5981 E. Grant Road, Suite 101
3   Tucson, AZ 85712
    Telephone: (520) 326-1866
4   Facsimile: (866) 323-9593
    gslattery@slatterypetersen.com
5   *Attorney for Banner Health dba*
    *Banner Casa Grande Medical Center,*
6   *Charlotte Sono-Petty, RN, and Judy*
7   *Quick, RN*

8

9          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

10              IN AND FOR THE COUNTY OF PINAL

11  DEAN MICHAEL WATT, a minor, by and
    through his natural parents; HALEY          No. CV201701294        $ 224
12  HOLLAND-HONEA and ALYAN WATT,
13  individually,                               **DEFENDANTS BANNER HEALTH**
                                                **DBA BANNER CASA GRANDE**
14                Plaintiffs,                    **MEDICAL CENTER, CHARLOTTE**
                                                **SONO-PETTY, RN, AND JUDY**
15  vs.                                         **QUICK, RN'S ANSWER TO**
                                                **PLAINTIFFS' COMPLAINT**
16  BANNER HEALTH, an Arizona corporation
    d/b/a BANNER CASA GRANDE
17  MEDICAL CENTER; DANIEL                      (Assigned to Hon. Brenda E. Oldham)
    ROWLAND, M.D., a Nebraska resident;
18  SUN LIFE FAMILY HEALTH CENTER, an
19  Arizona corporation d/b/a SUN LIFE
    CENTER FOR WOMEN; CHARLOTTE
20  SONO-PETTY, R.N., an Arizona resident;
    JUDY QUICK, R.N., an Arizona Resident;
21  DOES I-X; CORPORATIONS I-X; and
22  PARTNERSHIPS I-X,

23                Defendants.

24          Defendants Banner Health dba Banner Casa Grande Medical Center, Charlotte
25  Sono-Petty, RN, and Judy Quick, RN (collectively, "Banner Health"), through
26
    undersigned counsel, admit, deny, and aver as follows:
27

28

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

## General Allegations

1.      Answering Paragraph 1, Banner Health avers, upon information and belief, that this Court has jurisdiction over this pleading's subject matter, but Banner Health denies that any such events form the basis of liability against Banner Health.

2.      Answering Paragraph 2, Banner Health avers, upon information and belief, that this Court has jurisdiction over all Defendants but until such time as the specific provisions of Arizona law, federal law or the Arizona Rules of Civil Procedure are identified by Plaintiffs, Banner Health lacks sufficient information to respond as to their applicability to this matter.

3.      Answering Paragraph 3, Banner Health avers, upon information and belief, that venue is proper in Pinal County,[1] based upon Plaintiffs' allegations.

4.      Answering Paragraph 4, Banner Health avers, upon information and belief, that the minimal jurisdictional amount has been established for filing the action in Arizona Superior Court, but Banner Health denies that any such events form the basis of liability against Banner Health.

## Plaintiffs

5.      Answering Paragraph 5, Banner Health avers, upon information and belief, that Dean Michael Watt's date of birth is as alleged in Paragraph 5.

6.      Banner Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and 7 concerning the relationship, residence, status or conduct of parties other than this Answering Defendant and therefore denies them.  Further answering, Banner Health avers that Plaintiffs' pleadings speak for themselves.

7.      Banner Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 concerning Plaintiffs' relationship

[1] Banner Health assumes that Plaintiffs' reference to Maricopa County in Paragraph 3 of their Complaint was a clerical error, as they chose to file this action in Pinal County.

and therefore denies them.  Further answering, Banner Health avers that Plaintiffs' pleadings speak for themselves.

### Defendant Banner Health

8.     Answering Paragraph 9, Banner Health avers that it is an Arizona corporation and at the time of the events in question was doing business as Banner Casa Grande Medical Center in Pinal County, Arizona.

9.     Answering Paragraph 10, Banner Health avers that it is a healthcare provider as that term is used in Arizona Medical Malpractice Act, A.R.S. § 12-561, *et seq.,* and was authorized to provide healthcare and did provide healthcare to Dean Michael Watt and Hayley Holland-Honea.  All remaining allegations are denied.

10.     Answering Paragraph 11, Banner Health avers that at all times relevant to this action, Dean Michael Watt and Hayley Holland-Honea were patients of Banner Health.

11.     Answering Paragraph 12, Banner Health avers that, at all times relevant, it owned and operated Banner Casa Grande Medical Center.  Further answering, Banner Health avers only that Charlotte Sono-Petty, RN and Judy Quick, RN were employees of Banner Health at the time of the events in question in this case and were working in the course and scope of their employment such that Banner Health is responsible for any proven acts of negligence committed by the aforementioned employees in the course and scope of their employment.  Banner Health denies the remaining allegations contained in Paragraph 12, as Plaintiffs have failed to state, with specificity, the identities of "the doctors, nurses, technicians, and other healthcare professionals" and the "other labor, delivery, and newborn healthcare professionals who provided care to and for Plaintiffs Dean Michael Watt and Hayley Holland-Honea."  The allegations with regard to these unnamed individuals are vague in that they fail to provide sufficient information concerning what role, if any, they played in the care and treatment rendered to Plaintiffs or

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

-3-

their relationship, if any to Banner Health or to other named defendants. Banner Health denies that any of its employees were negligent. Further answering, Banner Health avers only that it is liable for any proven acts of negligent of its employees, acting within the course and scope of their employment. All remaining allegations contained in Paragraph 12 are denied.

12.     Answering Paragraph 13, Banner Health avers only that Charlotte Sono-Petty, RN and Judy Quick, RN were employees of Banner Health at the time of the events in question in this case and were working in the course and scope of their employment such that Banner Health is responsible for any proven acts of negligence committed by the aforementioned employees in the course and scope of their employment. Banner Health denies the remaining allegations contained in Paragraph 13, as Plaintiffs have failed to state, with specificity, the identities of "the various medical, labor, delivery, nursing and other healthcare professionals who provided care to Plaintiff Dean Michael Watt at Defendant Banner." The allegations with regard to these unnamed individuals are vague in that they fail to provide sufficient information concerning what role, if any, they played in the care and treatment rendered to Plaintiffs or their relationship, if any to Banner Health or to other named defendants. Banner Health denies that any of its employees were negligent. Further answering, Banner Health avers only that it is liable for any proven acts of negligent of its employees, acting within the course and scope of their employment. Banner Health denies that any of the Co-Defendants, including Dr. Rowland and Sun Life Family Health Center, are employees or agents of Banner Health under an actual agency, ostensible agency, *respondeat superior*, nondelegable duty or any other theory. All remaining allegations contained in Paragraph 13 are denied.

13.     Banner Health denies the allegations contained in Paragraph 14, as Plaintiffs have failed to state, with specificity, the identities of "those doctors, nurses, technicians, and other healthcare professionals" referred to therein. The allegations with regard to

-4-

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

these unnamed individuals are vague in that they fail to provide sufficient information concerning what role, if any, they played in the care and treatment rendered to Plaintiffs or their relationship, if any to Banner Health or to other named defendants.

14.     Answering Paragraph 15, Banner Health avers only that it is liable for any proven acts of negligence of its employees, acting within the course and scope of their employment. All remaining allegations are denied. Banner Health denies that any of the Co-Defendants, including Dr. Rowland and Sun Life Family Health Center, are employees or agents of Banner Health under an actual agency, ostensible agency, *respondeat superior*, nondelegable duty or any other theory, or that it is liable for negligent hiring/training practices or any other hospital corporate liability theory. All remaining allegations set forth in Paragraph 15 are denied.

### Defendant Daniel Rowland, M.D.

15.     Answering Paragraphs 16-21, Banner Health lacks knowledge and information regarding the truth of the allegations pertaining to other defendants, other than to aver upon information and belief, that defendant Daniel Rowland, MD, was a physician licensed by the State of Arizona at the time of the events alleged in this Complaint. To the extent the allegations in Paragraphs 16-21 are intended to apply to this Answering Defendant, Banner Health denies them.

### Defendant Sun Life Family Health Center

16.     Answering Paragraphs 22-27, Banner Health lacks knowledge and information regarding the truth of the allegations pertaining to other defendants. To the extent the allegations in Paragraphs 22-27 are intended to apply to this Answering Defendant, Banner Health denies them.

### Defendants Charlotte Sono-Petty, RN and Judy Quick, RN

17.     Answering Paragraph 28, Banner Health avers that Defendants Charlotte Sono-Petty, RN and Judy Quick, RN ("Hospital Nurses") were Arizona residents and

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

-5-

licensed registered nurses providing healthcare services on behalf of Banner Health for Dean Michael Watt and Hayley Holland-Honea.

18.     Answering Paragraph 29, Banner Health avers that the Hospital Nurses were authorized to and did provide healthcare services to Dean Michael Watt and Hayley Holland-Honea, as more fully set forth in the medical records.

19.     Answering Paragraph 30, Banner Health avers that at all times relevant, the Hospital Nurses were healthcare providers within the meaning of A.R.S. § 12-561 and were authorized to provide healthcare pursuant to the scope of their licenses as registered nurses.

20.     Answering Paragraph 31, Banner Health avers that a healthcare provider/patient relationship existed between the Hospital Nurses and Dean Michael Watt and Hayley Holland-Honea within the scope of the Hospital Nurses' licenses.

**Doe Defendants**

21.     Answering Paragraphs 32-34, Banner Health lacks knowledge and information regarding the truth of the allegations pertaining to other defendants.  To the extent the allegations in Paragraphs 32-34 are intended to apply to this Answering Defendant, Banner Health denies them.

**COUNT I**

**(Medical Negligence/Malpractice)**

22.     Answering Paragraph 35, Banner Health incorporates by reference each admission, denial, and averment to Paragraphs 1-34 of Plaintiffs' Complaint, as if set forth fully herein.

23.     Answering Paragraphs 36-37, Banner Health avers that this medical-malpractice claim is brought under the Arizona Medical Malpractice Act, A.R.S. § 12-561, *et seq.* but denies the remaining allegations.

24.     Answering Paragraph 38, Banner Health avers that at all times relevant to this pleading, Banner Health provided medical care and treatment to Dean Michael Watt and Hayley Holland-Honea. Banner Health denies the remaining allegations.

25.     Answering Paragraph 39, Banner Health avers that Dean Michael Watt and Hayley Holland-Honea were patients who were provided healthcare services at Banner Casa Grande Medical Center. Banner Health denies the remaining allegations contained in Paragraph 39.

26.     Answering Paragraph 40, Banner Health avers that Dean Michael Watt and Hayley Holland-Honea were patients who were provided healthcare services at Banner Casa Grande Medical Center and that Banner Health was required to exercise that degree of care, skill, and learning of a reasonably prudent healthcare provider in accordance with A.R.S. § 12-563(1). Banner Health denies that it, or any of its employees or agents, were negligent or breached any legal duty to Plaintiffs, as alleged or at all.

27.     Answering Paragraphs 41-70, Banner Health avers that the medical records more accurately and completely reflect events that took place concerning Dean Michael Watt's and Hayley Holland-Honea's medical care that is the subject matter of this Complaint. To the extent that Plaintiffs' factual allegations suggest that Banner Health or anyone for whom Banner is legally responsible fell below the standard of care, it is denied. Banner Health lacks knowledge and information regarding the truth of any allegations pertaining to other defendants. All remaining allegations are denied.

28.     Answering Paragraphs 71-72, Banner Health denies the allegations set forth therein to the extent the allegations are intended to apply to this Answering Defendant.

29.     Answering Paragraph 73, Banner Health is without knowledge or information sufficient to form a belief concerning Plaintiffs' injuries or damages, if any, but denies that Plaintiffs were injured or damaged, as alleged or at all, by reason of any breach on the part of this Answering Defendant, or anyone over whom this Answering

-7-

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

Defendant is responsible.

30.     Answering Paragraphs 74 and 75, Banner Health denies that any of the Co-Defendants, including Dr. Rowland and Sun Life Family Health Center, are employees or agents of Banner Health under an actual agency, ostensible agency, *respondeat superior*, nondelegable duty or any other theory. Banner Health denies that it, or any of its employees or agents, were negligent or breached any legal duty to Plaintiffs, as alleged or at all.

31.     Answering Paragraphs 76-83, Banner Health lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein pertaining to other defendants. To the extent the allegations in Paragraphs 76-83 are intended to apply to this Answering Defendant, Banner Health denies them.

32.     Answering Paragraphs 84-89, Banner Health denies the allegations set forth therein.

33.     Answering Paragraphs 90-98, Banner Health is without knowledge or information sufficient to form a belief concerning Plaintiffs' injuries or damages, if any, but denies that Plaintiffs were injured or damaged, as alleged or at all, by reason of any breach on the part of this Answering Defendant, or anyone over whom this Answering Defendant is responsible.

## **General Denial**

1.     Banner Health denies any and all allegations of Plaintiffs' Complaint not expressly admitted herein. Banner Health denies that it was negligent or guilty of any conduct, of any kind or nature whatsoever that warrants the imposition of damages as alleged, or at all. As to Plaintiffs' prayer for judgment, Banner Health denies that Plaintiffs are entitled to any actual, general, and/or compensatory damages, special damages, costs, expenses, fees, or any other relief.

1

## **Affirmative Defenses**

2       1.     Plaintiffs' Complaint fails to state a claim against Banner Health upon which

3

relief can be granted.

4       2.     Plaintiffs' claims, if any, may be barred or reduced because of Plaintiffs'

5

assumption of the risk or comparative fault and/or the natural progression of Plaintiffs'

6

condition.

7

      3.     Plaintiffs' claims may be barred by the applicable statute of limitations.

8

      4.     Plaintiffs' injuries and damages, if any, did not occur as a result of any

9

10 conduct, action, or inaction by Banner Health. Rather, the damages suffered by Plaintiffs,

11 if any, may be the result of acts of Plaintiffs, third persons, or conditions beyond the control

12 of Banner Health as yet to be revealed through discovery. Accordingly, the trier of fact

13 must allocate fault among all individuals or entities, including Plaintiffs, whether parties or

14 non-parties, in accordance with A.R.S. § 12-2501, *et seq.*, including A.R.S. § 12-2505 and

15 § 12-2506.

16       5.     Plaintiffs may have failed to mitigate any alleged damages. If there was such

17 failure to mitigate, Plaintiffs' damages, if any, must be reduced accordingly.

18       6.     Plaintiffs may have failed to join indispensable parties.

19

      7.     Expert opinion testimony will be required in this case to prove all allegations

20

21 of negligence by Banner Health. Plaintiffs are required to disclose a preliminary expert

22 affidavit with their Initial Rule 26.1 Disclosure Statement pursuant to A.R.S. §§ 12-2603

23 and 12-2604.

24       8.     Plaintiffs' injuries, losses or damages, if any, were not caused or contributed

25 to by any failure of Banner Health to comply with the applicable standard of care.

26 Plaintiffs are required to prove that Banner Health failed to exercise that degree of care,

27 skill and learning expected of a reasonable, prudent healthcare provider in the profession or

28 class to which the healthcare providers belong within the State acting in the same or similar

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

1  circumstances, and that failure to do so was the proximate cause of the injuries or damages

2  sustained by Plaintiffs, pursuant to A.R.S. § 12-563.

3          9.      Banner Health asserts that if Plaintiffs received any collateral source benefits

4  or payments as defined by A.R.S. § 12-565 as a result of alleged injuries, Banner Health

5  will introduce evidence of such payments or benefits at trial. The extent of such collateral

6  sources is not yet known and is presumably in the possession of Plaintiffs.

7          10.     Banner Health affirmatively alleges that Plaintiffs' alleged injuries may be

8  the result of pre-existing injuries or medical conditions or the natural progression of

9  medical conditions unrelated to those alleged to have occurred in the subject incident,

10 which may bar recovery or reduce recovery to Plaintiffs.

11         11.     Banner Health has not knowingly or intentionally waived any applicable

12 affirmative defense. If it appears that any affirmative defense is or may be applicable after

13 Banner Health has had the opportunity to conduct reasonable discovery in this matter, it

14 will assert such affirmative defense in accordance with the Arizona Rules of Civil

15 Procedure. Banner Health reserves the right to assert any and all affirmative defenses

16 including those set forth in Rules 8(c) and 12(b) of the Arizona Rules of Civil Procedure.

17         WHEREFORE, having fully answered Plaintiffs' Complaint, Banner Health prays

18 that Plaintiffs take nothing thereby, and for such other and further relief as the Court deems

19 just and proper.

### Jury Trial Demand

Banner Health demands a jury trial.

///

///

///

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

-10-

DATED this 5th day of October, 2017.

SLATTERY PETERSEN PLLC

By _____
GinaMarie Slattery
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
*Attorney for Banner Health dba*
*Banner Casa Grande Medical Center,*
*Charlotte Sono-Petty, RN, and Judy*
*Quick, RN*

ORIGINAL of the foregoing sent for filing via
overnight delivery this 5th of October, 2017,
and served via first-class U.S. Mail on the following:

Craig A. Knapp
David S. Friedman
KNAPP & ROBERTS, P.C.
8777 North Gainey Center Drive, Suite 165
Scottsdale, Arizona 85258
knapp@krattorneys.com
friedman@krattorneys.com
*Attorneys for Plaintiffs*

By _____

-2-

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

17 OCT 23  PM 12: 10

BY _____
DEPUTY

1    GinaMarie Slattery (#012867)
2    SLATTERY PETERSEN PLLC
     5981 E. Grant Road, Suite 101
3    Tucson, AZ  85712
     Telephone: (520) 326-1866
4    Facsimile: (866) 323-9593
5    gslattery@slatterypetersen.com
     *Attorney for Banner Health dba*
6    *Banner Casa Grande Medical Center,*
     *Charlotte Sono-Petty, RN, and Judy*
7    *Quick, RN*

8           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| 10   DEAN MICHAEL WATT, a minor, by and<br>11   through his natural parents; HALEY<br>      HOLLAND-HONEA and ALYAN WATT,<br>12   individually, | No. C20171294 |
| 13 | **DEFENDANTS BANNER**<br>**HEALTH DBA BANNER CASA** |
| 14           Plaintiffs,<br>     vs. | **GRANDE MEDICAL CENTER,**<br>**CHARLOTTE SONO-PETTY,**<br>**RN, AND JUDY QUICK, RN'S** |
| 15   BANNER HEALTH, an Arizona corporation<br>16   d/b/a BANNER CASA GRANDE MEDICAL<br>     CENTER; DANIEL ROWLAND, M.D., a | **CERTIFICATE OF**<br>**COMPULSORY ARBITRATION** |
| 17   Nebraska resident; SUN LIFE FAMILY<br>18   HEALTH CENTER, an Arizona corporation<br>     d/b/a SUN LIFE CENTER FOR WOMEN; | (Assigned to Hon. Brenda E.<br>Oldham) |
| 19   CHARLOTTE SONO-PETTY, R.N., an<br>20   Arizona resident; JUDY QUICK, R.N., an<br>     Arizona Resident; DOES I-X;<br>21   CORPORATIONS I-X; and PARTNERSHIPS<br>     I-X, | |
| 22 | |
| 23           Defendants. | |

24         Defendants Banner Health dba Banner Casa Grande Medical Center, Charlotte

25   Sono-Petty, RN, and Judy Quick, RN, through undersigned counsel, hereby certify that the

26   largest award sought by the complainant, including punitive damages, but excluding

27   interest, attorneys' fee, and costs DOES exceed limits set by Local Rule for compulsory

28   arbitration.

CONFORMED COPY FURNISHED

1    This case IS NOT subject to the Uniform Rules of Procedures for Arbitration.

2

3    DATED this 5th day of October, 2017.

4                          SLATTERY PETERSEN PLLC

5

6                    By _____

7                          GinaMarie Slattery

8                          5981 E. Grant Road, Suite 101
                           Tucson, AZ 85712

9                          *Attorney for Banner Health dba*
                           *Banner Casa Grande Medical Center,*

10                         *Charlotte Sono-Petty, RN, and Judy*
                           *Quick, RN*

11

12

13   ORIGINAL of the foregoing sent for filing via
     overnight delivery this 5th of October, 2017,

14   and served via first-class U.S. Mail on the following:

15   Craig A. Knapp
     David S. Friedman

16   KNAPP & ROBERTS, P.C.
     8777 North Gainey Center Drive, Suite 165

17   Scottsdale, Arizona 85258

18   knapp@krattorneys.com
     friedman@krattorneys.com

19   *Attorneys for Plaintiffs*

20   By _____

21

22

23

24

25

26

27

28

*SLATTERY PETERSEN PLLC*
*5981 E. Grant Road, Suite 101*
*Tucson, AZ 85712*
*Telephone: 520-326-1866*

-2-

FILED
AMANDA STANFORD
CLERK OF SUPERIOR COURT

17 OCT 23 PM 12: 10

BY ‾‾‾‾‾‾‾‾‾‾‾
DEPUTY

1  GinaMarie Slattery (#012867)
   SLATTERY PETERSEN PLLC
2  5981 E. Grant Road, Suite 101
3  Tucson, AZ  85712
   Telephone: (520) 326-1866
4  Facsimile: (866) 323-9593
5  gslattery@slatterypetersen.com
   *Attorney for Banner Health dba*
6  *Banner Casa Grande Medical Center,*
   *Charlotte Sono-Petty, RN, and Judy*
7  *Quick, RN*

8

9            IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

             IN AND FOR THE COUNTY OF PINAL

10

| | |
|---|---|
| 11 DEAN MICHAEL WATT, a minor, by and through his natural parents; HALEY HOLLAND-HONEA and ALYAN WATT, individually, | No. C20171294 |
| 13 | **DEFENDANTS BANNER** |
| 14       Plaintiffs, | **HEALTH DBA BANNER CASA GRANDE MEDICAL CENTER,** |
| vs. | **CHARLOTTE SONO-PETTY,** |
| 15 | **RN, AND JUDY QUICK, RN'S** |
| BANNER HEALTH, an Arizona corporation | **DEMAND FOR JURY TRIAL** |
| 16 d/b/a BANNER CASA GRANDE MEDICAL CENTER; DANIEL ROWLAND, M.D., a | |
| 17 Nebraska resident; SUN LIFE FAMILY HEALTH CENTER, an Arizona corporation | (Assigned to Hon. Brenda E. |
| 18 d/b/a SUN LIFE CENTER FOR WOMEN; CHARLOTTE SONO-PETTY, R.N., an | Oldham) |
| 19 Arizona resident; JUDY QUICK, R.N., an | |
| 20 Arizona Resident; DOES I-X; CORPORATIONS I-X; and PARTNERSHIPS | |
| 21 I-X, | |
| 22 | |
| 23       Defendants. | |

24        Defendants Banner Health dba Banner Casa Grande Medical Center, Charlotte

25  Sono-Petty, RN, and Judy Quick, RN, through undersigned counsel, hereby requests a trial

26  by jury as to all triable issues in the above-captioned matter.

27

28

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

-1-

1    DATED this 5th day of October, 2017.

2                            SLATTERY PETERSEN PLLC

3

4                            By _____
5                                GinaMarie Slattery
6                                5981 E. Grant Road, Suite 101
                                 Tucson, AZ 85712
7                                *Attorney for Banner Health dba*
                                 *Banner Casa Grande Medical Center,*
8                                *Charlotte Sono-Petty, RN, and Judy*
9                                *Quick, RN*

10   ORIGINAL of the foregoing sent for filing via
11   overnight delivery this 5th of October, 2017,
     and served via first-class U.S. Mail on the following:
12
     Craig A. Knapp
13   David S. Friedman
14   KNAPP & ROBERTS, P.C.
     8777 North Gainey Center Drive, Suite 165
15   Scottsdale, Arizona 85258
     knapp@krattorneys.com
16   friedman@krattorneys.com
17   *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

SLATTERY PETERSEN PLLC
5981 E. Grant Road, Suite 101
Tucson, AZ 85712
Telephone: 520-326-1866

Filed on 1/22/2018 1:10:12 PM

# IN THE SUPERIOR COURT

9:14 a.m. Hearing starts
9:14 a.m. Hearing ends

## PINAL COUNTY, STATE OF ARIZONA

### Date: 01/19/2018

**THE HON BRENDA E OLDHAM,**
**Courtroom: 2C**
Court Reporter: JACQUELIN ALLEN

**AMANDA STANFORD, CLERK**

By Deputy Clerk: B.LOHR

---

| | |
|---|---|
| DEAN MICHAEL WATT, a minor, by and through his natural parents; HALEY HOLLAND-HONEA and ALYAN WATT, individually,<br><br>                              Plaintiff(s),<br><br>vs.<br><br>BANNER HEALTH, an Arizona corporation d/b/a BANNER CASA GRANDE MEDICAL CENTER; DANIEL ROWLAND M.D., a Nebraska Resident; SUN LIFE FAMILY HEALTH CENTER an Arizona corporation d/b/a SUN LIFE CENTER FOR WOMEN; CHARLOTTE SONO-PETTY, R.N., an Arizona resident; JUDY QUICK, R.N., an Arizona resident; DOES I-X; CORPORATIONS I-X; and PARTNERSHIPS I-X,<br><br>                              Defendant(s). | **S1100CV201701294**<br><br><br>**MINUTE ENTRY ACTION:**<br><br>**INACTIVE DISMISSAL** |

PRESENT:

           No parties appearing.

The Court announces that this is the time set for a Hearing on Inactive Dismissal.

The Court FINDS that service has been completed on defendant and that an answer has been filed; therefore,

IT IS HEREBY ORDERED vacating the Inactive Dismissal hearing this date.

**Mailed/distributed copy:** **01/19/2018**

GINAMARIE SLATTERY

CRAIG KNAPP

DAVID FRIEDMAN

**Office Distribution:**
**JUDGE/OLDHAM**